UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mary Huttner,

                    Plaintiff,

                                          Civ. No. 11-1048 (RHK/LIB)
                                          **ORDER**

v.

Aurora Loan Services, *et al.*,

                    Defendants.

      This matter is before the Court on Defendants' Amended Motion to Dismiss (Doc. No. 5).[1]  For the reasons set forth below, the Court will grant the Motion in part and deny it in part.

      This case arises out of the foreclosure of mortgages securing two properties owned by Plaintiff Mary Huttner in Saint Cloud, Minnesota.  Huttner alleges that after she fell behind on her payments in 2009, she contacted her loans' servicer, Defendant Aurora Loan Services ("Aurora"), and sought loan modifications.  (Am. Compl. ¶ 7.)  She further alleges that after submitting various documents to Aurora, she was instructed to make smaller monthly payments for a period of time, which she did.  (Id. ¶¶ 9-11.)  She claims that Aurora initiated foreclosure proceedings despite these timely payments and, in doing so, violated the terms of a letter she received from Aurora, dated August 11, 2009, in which it agreed to forebear from foreclosing if she complied with various terms and

---

[1] Defendants filed a Motion to Dismiss (Doc. No. 3) on April 28, 2011, and then filed an Amended Motion to Dismiss (Doc. No. 5) on May 12, 2011, seeking the same relief as the initial Motion.

conditions, all of which she claims to have satisfied. (Id. ¶¶ 11-16, 20-22.) Based on these allegations, Huttner asserts claims against Aurora, her mortgagee (Mortgage Electronic Registration Systems, Inc. ("MERS")), and 10 "John Doe" Defendants for (1) breach of contract, (2) violation of the Minnesota Deceptive Trade Practices Act ("DTPA"), Minn. Stat. § 325D.44, (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and (4) violation of the Home Affordable Modification Program ("HAMP").

Defendants have now moved to dismiss; in her Opposition brief, Huttner has failed to respond to their arguments with respect to the RESPA and HAMP claims. (See Doc. No. 11.) Accordingly, the Court deems those claims abandoned and will dismiss them. See, e.g., Trnka v. Biotel Inc., Civ. No. 07-1206, 2008 WL 108995, at *3 n.4 (D. Minn. Jan. 9, 2008) (Kyle, J.). As for the remaining claims, they can be quickly addressed.

Regarding the DTPA claim, Defendants correctly note that the statute applies only to *prospective* conduct. See Minn. Stat. § 325D.45 (permitting injunctive relief to persons "likely to be damaged by a deceptive trade practice of another"); Summit Recovery, LLC v. Credit Card Reseller, LLC, Civ. No. 08-5273, 2010 WL 1427322, at *5 (D. Minn. Apr. 9, 2010) (Doty, J.). Here, all of the "deceptive" conduct alleged by Huttner occurred in the past. Accordingly, relief under the DTPA cannot be had, as a matter of law, and this claim must be dismissed. Id.

As for the breach-of-contract claim, Defendants argue it is "indisputable" that they did not breach any agreement with Huttner. In support, they largely rely upon an

Affidavit from Ramsaran Singh, an Aurora employee, recounting Huttner's payment history and her attempts to modify her loans.  (See Def. Mem. (Doc. No. 7) at 20-25.)  In so doing, Defendants misconstrue the nature of their Motion.

On a motion to dismiss, the Court analyzes only the four corners of the complaint (and material necessarily embraced by it or falling within several other narrow exceptions) to determine whether the plaintiff has pleaded a "plausible" claim.  E.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003).  If evidentiary matter beyond the complaint is presented with the motion, the court must either exclude it or convert the motion into one for summary judgment, giving all parties "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  The Court has "complete discretion" in deciding whether to ignore beyond-the-pleading material or consider it and convert the motion.  Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003).

Here, at this early juncture, the Court declines to consider the extra-pleading material submitted by Defendants.  Hence, their argument falls flat; it is based on contentions not found in the Amended Complaint regarding whether Huttner did, or did not, comply with the conditions of her agreements.  Moreover, Huttner has alleged that she complied with all of those conditions (see Am. Compl. ¶¶ 8-11, 22), and the Court must accept that allegation as true at this stage of the case.  See, e.g., Mathers v. Wright,

- 4 -

636 F.3d 396, 397 (8th Cir. 2011) (citations omitted). Simply put, Huttner's breach-of-contract claim is not amenable to dismissal under Rule 12.[2]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Amended Motion to Dismiss (Doc. No. 5) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to Huttner's claims under the DTPA, RESPA, and HAMP, and those claims are **DISMISSED WITH PREJUDICE**. The Motion is **DENIED** as to Huttner's claim for breach of contract.

Dated: July 19, 2011       s/Richard H. Kyle
                           RICHARD H. KYLE
                           United States District Judge

---

[2] The Court expresses no opinion whether the claim could survive a motion for summary judgment.