UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mary Huttner,

                Plaintiff,

                                            Civ. No. 11-1048 (RHK/LIB)
                                            **MEMORANDUM OPINION**
                                            **AND ORDER**

v.

Aurora Loan Services, *et al.*,

                Defendants.

---

Amoun Sayaovong, Legal Solutions LLC, Saint Paul, Minnesota, for Plaintiff.

David R. Mortensen, Caitlin R. Dowling, Wilford, Geske & Cook, PA, Woodbury, Minnesota, for Defendants.

---

      This case arises out of the foreclosure of mortgages securing two properties owned by Plaintiff Mary Huttner in Saint Cloud, Minnesota. Huttner alleges that after she fell behind on her payments in 2009, she contacted her loans' servicer, Defendant Aurora Loan Services ("Aurora"), which agreed to modify her loans. (Am. Compl. ¶ 7.) She further alleges that after submitting various documents to Aurora, she was instructed to make smaller monthly payments for a period of time, which she did. (Id. ¶¶ 9-11.) She claims that Aurora initiated foreclosure proceedings despite these timely payments and, in doing so, violated the terms of a letter she received from Aurora, in which it agreed to forbear foreclosure proceedings if she complied with various terms and conditions, all of which she claims to have satisfied. (Id. ¶¶ 11-16, 20-22.) Based on these allegations,

Huttner asserted claims against Aurora, her mortgagee (Mortgage Electronic Registration Systems, Inc. ("MERS")), and 10 "John Doe" Defendants for breach of contract and several statutory violations. This Court dismissed all of Huttner's statutory claims on a Rule 12 Motion (Doc. No. 15), leaving only Huttner's breach-of-contract claim. Defendants now move for summary judgment on that claim. (Doc. No. 34.)

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Huttner has failed to respond to Defendants' Motion, despite her obligation to "designate specific facts" showing a genuine issue of material fact. Hernandez v. Jarman, 340 F.3d 617, 622 (8th Cir. 2003).[1]

Huttner asserts that Aurora breached agreements to modify her loans by foreclosing on her properties. Both of the agreements at issue provide that "[t]ender of the [final] plan payment shall not be deemed acceptance of a workout plan or loan modification." (Singh Aff. Exs. 3 & 10.) They further provided that satisfying all of the plan payments would not cure the arrearage on the properties, and that unless Huttner could "cure the Arrearage through a full reinstatement, payment in full, loan modification agreement or other loan workout option that Lender may offer," Aurora would resume

---

[1] The Court is not obligated to "search the entire record for some specific facts that might support [Huttner's] claim." White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (*per curiam*); accord, e.g., Rodgers v. City of Des Moines, 435 F.3d 904, 908 (8th Cir. 2006) ("Without some guidance, [a court need] not mine a summary judgment record searching for nuggets of factual disputes.") See also Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials[.]") .

foreclosure proceedings.  (Id.)   It is also undisputed that the agreements did not promise that Aurora would modify the existing loans.  Huttner did not cure the arrearage for either property.  The loans came due at the end of their respective forbearance periods, they remained delinquent, and Aurora commenced foreclosure.

Accordingly, on the record before the Court, Huttner has failed to establish any breach of contract.  That failure entitles Defendants to summary judgment.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 34) is **GRANTED**, and the Complaint (Doc. No. 1, Attachment 2) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENETERED ACCORDINGLY.**

Date:  January 30, 2012

s/Richard H. Kyle  
RICHARD H. KYLE  
United States District Judge